**THE PEOPLE OF THE TERRITORY OF GUAM, Appellee**

**v.**

**EUGENIO A. BENAVENTE and JUAN R. BABAUTA, Appellants**

Criminal No. 40-A

District Court of Guam

Appellate Division

December 15, 1967

---

*Counsel for Appellee:* ISLAND ATTORNEY and DEPUTY ISLAND ATTORNEY

*Counsel for Appellants:* ARRIOLA, BOHN & DIERKING

Before SHRIVER, *Judge*, District Court of Guam; PEREZ, *Chief Judge*, Island Court of Guam

PER CURIAM

### OPINION

The appellants, Eugenio A. Benavente and Juan R. Babauta, hereinafter the defendants, were convicted in

the Island Court of petty theft. The defendants allege that they were prejudiced by the failure to file an information within a reasonable time and that an alleged confession was received when the defendant had not been warned of his right to remain silent. We are unable to pass on the evidence as a whole because the transcript of testimony ordered by the defendants was limited to the cross-examination of the defendant, Babauta, and the testimony of the arresting officer.

▊Insofar as we are advised, a full transcript would have shown the guilt of the defendants, independent of any alleged confession. The evidence available to us shows that the arresting officer was engaged in patrolling an area by automobile when his attention was directed to the defendants in the early morning hours. When he made inquiry he was told that the defendants were waiting for girls. He noticed bicycles and made inquiry as to where the bicycles came from and was told that a bicycle outside the car had been seen by them earlier and they came back to pick it up. He then asked what the second bicycle was doing inside the car and they stated that they found that bicycle at the same spot. Benavente then asked whether the officer was going to report the matter, and when he inquired where Benavente had got the bicycle, Benavente pointed to the direction of an apartment building. At this point the officer called police headquarters to ask for a detective. Apparently, subsequent investigation, which is not before us, showed that a number of bicycles had been stolen.

Certainly, the police officer was justified in making inquiry as to why the defendants were apparently loitering in that area in the early hours of the morning. His initial inquiry as to the bicycles might or might not have elicited information that the bicycles were properly in their possession. We do not construe Benavente's statement as being a confession to theft, and as pointed out above, we have no

way of knowing whether the proof offered by the government was adequate, regardless of any statements made by Benavente.

 The defendants were taken to police headquarters where they were booked and then released. They were brought to trial shortly after an information was filed and there is no indication of prejudice. Judgment of conviction is affirmed.

This case was heard on oral argument by two judges by agreement of the parties as a third judge is not immediately available and the defendants had elected to begin the service of their sentences.